In the matter of the account of CARRIE ALLEN (late Weldon), guardian of Charles Weldon, a minor under the age of fourteen years.

1. An intestate left surviving him a widow and one child, who were entitled to all his personal estate. The widow was appointed his administratrix, and also the guardian of his child. In her account as administratrix she had charged herself with a certain mortgage, but neglected to claim allowance for the costs and execution fees which she had paid in connection with the mortgage.—*Held*, that she could not be allowed credit for the amount of those costs and fees in her account as guardian.

2. Where an order of this court has directed the amount of counsel fees to be allowed to a guardian in a litigation in this court, such guardian cannot charge against her ward's estate, in a subsequent accounting, the amount paid by her to her counsel in that litigation, in excess of the amount fixed by the order.

---

On exceptions by the guardian to the report of the master in chancery, to whom her account was referred by order of the court.

*Mr. J. Palmer*, for exceptant.

THE ORDINARY.

The guardian excepts to the master's report because it dis-
allows charges for costs of foreclosure proceedings upon a certain
mortgage, and sheriff's fees on the sale of the mortgaged premises
under the execution issued in those proceedings, which costs and
fees the guardian has paid, and for which she claims allowance
in her account. She also excepts because the master has dis-
allowed so much of the charges for counsel fees paid by the
guardian in the litigation, over the award of the letters of guard-
ianship, as is in excess of the amount allowed to her by the de-
cree of this court in that matter.

As to the first exception. The charge for the costs and
sheriff's fees in the foreclosure suit is not a proper one. The
guardian was administratrix of her late husband, the infant's
father, who died intestate, leaving but the one child, who, with
the widow, was entitled to the personal estate. The intestate,
in his lifetime, assigned to a trustee a mortgage to secure the
payment of an annuity. After the intestate's death the trustee
foreclosed the mortgage, and the property was sold under the
execution. The person who owned the equity of redemption
took the title under the sheriff's sale, in pursuance of an ar-
rangement between him and the administratrix, and gave her a
mortgage upon the property for the amount due upon the execu-
tion and the execution fees (she agreeing to pay and actually
paying the costs and execution fees) and the amount of a loan of
money by her to him, to enable him to make improvements upon
the property. She, in her account as administratrix, charged
herself with the amount of the latter mortgage, but omitted to
claim allowance therein for the foreclosure costs and execution
fees paid by her. Obviously, those costs and fees are not a
proper charge against the infant in this account.

As to the other exception. This court made allowance by its
decree for the costs and counsel fees of both sides in the litiga-
tion as to the letters of guardianship. That award is conclusive
as to the amount of counsel fees to be charged against the estate
of the infant in that matter. The exceptions will be overruled,
and the report confirmed. The account will be corrected in ac-
cordance with the report.